**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KEY INVESTMENT GROUP LLC,<br><br>Movant,<br><br>v.<br><br>SENATOR BEN RAY LUJÁN and SENATOR MARSHA BLACKBURN<br><br>Respondents. | Case No. 1:26-mc-00115-CRC |

**MOVANT KEY INVESTMENT GROUP LLC'S**
**RESPONSE TO ORDER TO SHOW CAUSE**

In accordance with the Court's Minute Order to Show Cause, dated August 20, 2026, directing Movant Key Investment Group LLC to show cause "why this matter should not be transferred to the District of Maryland court that is presiding over the underlying litigation," Movant respectfully submits that, under the circumstances, transfer to the District of Maryland is warranted and appropriate pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. Movant therefore consents to the transfer of this matter to the District of Maryland as set forth in the Court's Order to Show Cause.

Under the Advisory Committee notes, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Fed. R. Civ. P. 45 Advisory Committee's Notes to 2013 Amendment. In determining whether transfer is warranted under Rule 45(f), "courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Duck v. U.S.*

*Securities and Exchange Commission*, 317 F.R.D. 321, 323 (D.D.C. 2016) (granting transfer). Here, each of these factors are present and support transferring KIG's motion to compel to the District of Maryland.

Chief Judge Russell has been presiding over the underlying action since its inception and is familiar with the full scope of issues involved, as is Magistrate Judge Austin, who has been referred all of the discovery disputes that have been raised by the parties. As the Court previously indicated, the subject matter of the Subpoenas at-issue are "heavily intertwined with the underlying dispute." In fact, since submitting the underlying motion to compel before this Court, KIG intends to file a separate discovery motion in the underlying action, seeking to compel the Federal Trade Commission to produce documents and communications involving Senators Marsha Blackburn and Ben Ray Luján, which the FTC continues to refuse.[1] Thus, the same issues are likely to be raised in the District of Maryland regardless, and efficient management of the underlying litigation and judicial economy strongly counsel in favor of transfer. *See Georgetown Univ., v. John Carfora, et al.*, 2026 WL 2211247, at *2 (D.D.C. Jul. 31, 2026) (transferring subpoena-related motion because "the issuing court is likely better positioned to resolve the subpoena-related motion and transfer is likely to promote judicial economy and the efficient progress of the underlying litigation."); *Victim Serv., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 29 (D.D.C. 2018) (transferring subpoena-related motion where the issuing court was "in a better position to rule on the ... motion ... due to [its] familiarity with the full scope of the issues involved as well as any implications the resolution of the motion will have on the underlying litigation.") (internal citations and quotations omitted).

[1] Rather than agree to produce documents responsive to KIG's request, the FTC limited the scope only to documents and communications concerning the Senators' *amicus* brief—a topic that KIG never even requested.

Further, Chief Judge Russell and Magistrate Judge Austin's familiarity with the issues underlying the Subpoenas is particularly critical here to allow for swift resolution of this Motion in accordance with the underlying case's expedited timeline, which currently contemplates the close of fact discovery on October 2, 2026.

For these reasons, transfer to the District of Maryland is warranted, and Movant respectfully requests that the Court order this matter transferred.

Dated: August 24, 2026
Washington, D.C.

Respectfully submitted,

MANATT, PHELPS & PHILLIPS, LLP

By: */s/ Joshua N. Drian*

Joshua N. Drian, Bar No. 1009917
Bezalel A. Stern, Bar No. 1025745
1700 M Street NW, 4th Floor
Washington, D.C. 20036
Phone: (202) 585-6500
jdrian@manatt.com
bstern@manatt.com

*Counsel for Key Investment Group LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of August, 2026, I caused to be served a true and correct copy of Key Investment Group LLC's Response to Order to Show Cause to be filed and served via CM/ECF on the following:

Morgan J. Frankel
Patricia M. Bryan
Thomas E. Caballero
Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, DC 20510
Email: morgan_frankel@legal.senate.gov
Email: pat_bryan@legal.senate.gov
Email: thomas_caballero@legal.senate.gov

Vivian M. Rivera
Office of Senate Legal Counsel
120 Constitution Ave NE
Suite 642
Washington, DC 20002
Email: vivian_rivera@legal.senate.gov

*Counsel for Senators Ben Ray Luján and Marsha Blackburn*

I further certify that on this 24th day of August, 2026, I caused to be served a true and correct copy of Key Investment Group LLC's Response to Order to Show Cause via e-mail on the following:

Molly Rucki
P. Connell McNulty
Simon Barth
Lauren Rivard
Federal Trade Commission
600 Pennsylvania Ave., NW
Mailstop CC-6316
Washington, DC 20580
202-326-3774
Email: mrucki@ftc.gov
Email: pmcnulty@ftc.gov
Email: sbarth@ftc.gov
Email: lrivard@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

Dated: August 24, 2026

Respectfully submitted,

*/s/ Joshua N. Drian*
Joshua N. Drian